# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARSHA SEIGER,

    Plaintiff,

v.                                                                                          Case No: 8:16-cv-2139-T-36AEP

M&M FINANCIAL INVESTORS
INTERNATIONAL, INC., THE BEST
OFFICES OF LATIN AMERICA, INC. and
KELLY'S COMPLETE PET GROOMING,
LLC,

    Defendants.

## ORDER

This matter comes before the Court upon the Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss and Memorandum of Legal Authority in Support Thereof (Doc. 9), and Plaintiff's response in opposition (Doc. 23). Defendants move to dismiss the Complaint, which seeks injunctive relief against them for violations of the Americans with Disabilities Act ("ADA") and Florida Accessibility Code For Building Construction ("FADAI"), on the basis that Plaintiff Alvin Seiger, by and through his Attorney-In-Fact and Next Friend Marsha Seiger, did not state an injury-in-fact as required for Article III standing. Doc. 9. In response, Plaintiff argues that he sufficiently alleged an injury based on his actual knowledge of Defendants' violations of the ADA and FADAI, and his intent to visit the Defendants' property and stores in the future. Doc. 23. The Court, having considered the motion and being fully advised in the premises, will grant Defendants' motion to dismiss and give Plaintiff leave to amend the Complaint within 14 days to correct the deficiencies noted herein.

I.   **STATEMENT OF FACTS**[1]

Alvin Seiger is confined to a wheelchair and suffers from a mental impairment that requires all decisions to be undertaken by his attorney-in-fact and next of friend, Marsha Seiger.[2] Doc. 1 ¶¶ 5-6, 8-9. Seiger's impairments substantially limit one or more of his major life activities, rendering him a qualified individual under the ADA and FADAI. *Id.* ¶ 5. Seiger is a "tester" who asserts his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. *Id.* ¶ 27.

Defendant M&M Financial Investors International, Inc. ("M&M") owns and leases real property in Sarasota, Florida that contains a restaurant (the "property" or "facility"). *Id.* ¶¶ 12, 17. Defendant Kelly's Complete Pet Grooming, LLC ("Kelly's") leases space within M&M's property, where it operates a pet grooming store. *Id.* ¶ 14. Defendant The Best Offices of Latin America, Inc. d/b/a Boost Mobile ("Boost Mobile") leased space within M&M's property, where it operated a store.[3] *Id.* ¶ 16. However, according to an affidavit submitted by the President of M&M, Boost Mobile permanently vacated the property prior to service of the summons and Complaint in this action. Doc. 9 p. 12.

Seiger has never attempted to access the property, but has knowledge of its deficiencies and alleges that he will visit the property "in the near future" once the violations of the ADA, Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("ADAAG"), and FADAI

---

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on a 12(b)(6) Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] In this Order, Alvin Seiger shall be referred to as "Seiger" and Marsha Seiger shall be referred to as "Marsha Seiger."

[3] Collectively, M&M, Kelly's, and Boost Mobile will be referred to as "Defendants."

are cured. Doc. 1 ¶¶ 24, 29, 34. Seiger has been deterred from visiting the property because of the violations, which prevent him from safely accessing the property and its amenities, and believed that visiting the property would be futile unless he were willing to endure discrimination. *Id.* ¶¶ 22-23, 34. Specifically, the violations include that the property does not have an accessible parking space, does not have an accessible route from the parking area to the entrance of the facility, the entrance doors to Kelly's and Boost Mobile do not provide a level landing, and neither Kelly's nor Boost Mobile have a fully accessible restroom. *Id.* ¶ 32. Nonetheless, Seiger seeks to partake in the stated premises and access the services offered by Defendants at the property. *Id.* ¶ 21-22.

Based on these alleged facts, Seiger filed the Complaint alleging one count for injunctive relief under the ADA and one count for injunctive relief under the FADAI. *Id.* ¶¶38-51. In both counts, Seiger requests this Court to order Defendants to alter their premises to comply with the ADA and FADAI by maintaining accessible features at the premises. *Id.* ¶¶ 44, 51. Seiger also claims entitlement to attorneys' fees in accordance with 42 U.S.C. § 12205. *Id.* ¶ 37.

In the instant motion to dismiss the Complaint, Defendants argue that because Seiger has never visited the premises and no allegations in the complaint support Seiger's contention that barriers prevented his access to the property, he has not stated any injury in fact. *Id.* ¶¶ 4-5. Additionally, Defendants contend that the Complaint does not contain any allegations that Seiger had plans or was likely to visit the property in the near future, but contained only "someday" intentions that are insufficient to support standing on the basis of a likelihood of future injury. *Id.* ¶ 6. Further, because the Complaint alleges that Seiger suffered from a mental impairment such that he was incompetent to pursue his own case, and all decisions were made by Marsha Seiger, Defendants argue that Seiger could not make a decision to visit the property, is not reasonably

likely to ever be a patron of Kelly's, and has no injury in fact. *Id.* ¶ 7. Defendants also assert that Boost Mobile closed and vacated the property prior to Seiger filing the Complaint, which they support by the affidavit of M&M's President. *Id.* ¶ 9.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A defendant may attack subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) in two manners: facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). A facial attack to subject matter jurisdiction requires the Court to assess if the complaint sufficiently alleges a basis for jurisdiction. *See id.*; *see also Houston v. Marod Supermarkets, Inc.*¸733 F.3d 1323, 1335 (11th Cir. 2013). When considering a facial attack to subject matter, the Court is confined to the four corners of the complaint and will consider all allegations of the complaint to be true. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).

By contrast, in assessing a factual challenge to subject matter jurisdiction, the court may consider matters outside of the complaint. *McMaster*, 177 F.3d at 940. (" 'Factual attacks' . . . challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' ") (quoting *Lawrence*, 919 F.2d at 1529). If a Court finds at any point in the litigation that it lacks subject matter jurisdiction over an action, it must dismiss the complaint. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed.2d 1097 (2006).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and

plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

### III. DISCUSSION

Constitutional standing requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The doctrine of constitutional standing serves to identify the disputes that may be resolved by a federal court. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93, 129 S. Ct. 1142, 1148-49, 173 L. Ed. 2d 1 (2009). The central purpose of this requirement is to ensure that the parties before the court have a concrete interest in the outcome of the proceedings such that they can be expected to frame the issues properly. *See Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (citing *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987)). If a district court determines that there is no standing and, thus, no subject matter jurisdiction, it cannot hear the merits of the case. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005)

(citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Consequently, a plaintiff invoking federal jurisdiction bears the burden of clearly alleging facts demonstrating each element of standing. *Spokeo*, 136 S. Ct. at 1547 (citing *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

Additionally, a plaintiff seeking injunctive relief must show not only that he or she has suffered a past injury, but also "a sufficient likelihood that he [or she] will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting *Wooden v. Bd. Of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.' " *Id.* (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)).

"Title III of the ADA provides that '[n]o individual shall be discriminated against on the basis of disability' in 'any place of public accommodation.' " *Houston*, 733 F.3d at 1326 (quoting 42 U.S.C. § 12182(a)). Discrimination includes the "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, to prevail on a claim under Title III, the plaintiff must prove "(1) that [he] is an individual with a disability, (2) that defendant is a place of public accommodation, (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of [his] disability." *Ferguson v. CHC VII, Ltd.*, 69 F. Supp. 3d 1292 (M.D. Fla. 2014) (quoting *Schiavo ex rel. Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005)). The sole remedy under Title III for individuals with disabilities who have been discriminated against by a violation of that title is injunctive relief. *See* 42 U.S.C. § 12188(a); *see also Houston*,

733 F.3d at 1329. Additionally, the FADAI "adopts the standards for accessible design and incorporates them into the 'Florida Accessibility Code for Building Construction.' " *Seiger v. Wollowick*, No. 8:16-cv-475-T-33AEP, 2016 WL 5391392, at *3 (M.D. Fla. Sept. 27, 2016) (quoting *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1219 n.2 (M.D. Fla. 2012)).

"Generally, when an ADA plaintiff lacks standing, it is because that plaintiff either has not encountered the alleged ADA violations by visiting the location or was unlikely to return to the location where the alleged violations occurred." *Minnix v. Land O'Sun Mgmt. Corp.*, 3:14-cv-598-J-34PDB, 2014 WL 6909434, at *4 (M.D. Fla. Dec. 9, 2014). However, "a plaintiff can establish an injury-in-fact by showing that the plaintiff has actual knowledge of architectural barriers, and is currently deterred from returning to a place of public accommodation because of the presence of architectural barriers." *Houston v. 7-Eleven, Inc.*, No. 8:13-CV-1845-T-17AEP, 2014 WL 5488805, at *6 (M.D. Fla. Oct. 30, 2014). That is because 42 U.S.C. § 12188(1)(a), governing enforcement of Title III claims, provides that "[n]othing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." However, to demonstrate a threat of future injury sufficient to entitle the plaintiff to injunctive relief, the plaintiff "must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.' " *Houston*, 733 F.3d at 1336 (quoting *Shotz*, 256 F.3d at 1081).

Here, Seiger has failed to sufficiently allege an injury in fact. To begin with, Seiger does not state that he has either visited or attempted to visit the property, nor that he encountered the barriers that allegedly precluded his access to the property. Doc. 1 ¶¶ 21. Instead, he relies only on purported knowledge, through Marsha Seiger, that violations exist. *Id.*; Doc. 23 p. 4-6. However, Seiger has pleaded no facts to support this claim of actual knowledge. Such a conclusory

7

statement is not sufficient to state a concrete past injury as is required to establish standing.

Similarly, Seiger has failed to sufficiently allege any likelihood of future injury. As an initial matter, Seiger's Complaint is internally inconsistent in that it alleges that Marsha Seiger must make all decisions on Seiger's behalf given his mental incapacity *and* that Seiger himself seeks to visit the subject premises in the future.[4] Doc. 1 ¶¶ 6, 22. The likelihood of Seiger visiting the premises is entirely contingent upon Marsha Seiger's volition, not his own. *Id.* ¶ 6.

More importantly, Seiger's allegations as to future injury are nothing more than conclusory statements unsupported by any facts to show that he is likely to ever visit the property. For example, in *Houston*, an ADA plaintiff was determined to have sufficiently established the threat of future injury where he submitted an affidavit in opposition to a motion to dismiss for lack of standing that stated that (1) he had previously visited the violating property twice, including the dates of the visits; (2) despite living approximately 30 miles from the property, he travelled to the vicinity on a regular basis in his role as a vice-president of an advocacy group who was represented by a firm only 1.8 miles from the property; and (3) he expected to be there in the future. 733 F.3d at 1327, 1336. Seiger provided no such factual allegations to support his claim of future injury. Instead, Seiger oddly relies on *Access for America, Inc. v. Associated Out-Door Clubs, Inc.*, 188 F. App'x 818 (11th Cir. 2006), which affirmed a dismissal of a Title III ADA claim because the plaintiff "lacked the requisite concrete and specific intent to return to [the defendant's property] because he could not demonstrate that there was any reasonable chance of his revisiting the [property], other than 'someday' . . . ." As in *Access for America*, Seiger has done no more than allege a "someday" future injury, which is insufficient to establish standing.

Finally, Seiger does not address the allegations or affidavit showing that Boost Mobile

---

[4] Marsha Seiger's ability to maintain this action on behalf of Alvin Seiger may, in fact, be the subject of an Order to Show Cause from the Court.

permanently vacated the property prior to the commencement of this action.  Seiger cannot allege any future injury against a defendant who has permanently closed its store.

Accordingly, it is hereby **ORDERED:**

1. Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss and Memorandum of Legal Authority in Support Thereof (Doc. 9) is **GRANTED.**

2. The Complaint (Doc. 1) is **DISMISSED** without prejudice.

3. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order, which cures the deficiencies addressed herein. Failure to file an amended complaint within the time permitted will result in dismissal of this action.

**DONE AND ORDERED** in Tampa, Florida on September 8, 2017

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Party